IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DENISE MEAD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case. No. 22-CV-04021-HLT-RES |
| ) | |
| **THE STATE OF KANSAS, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS STATE OF KANSAS
AND BETH HUFF'S
MEMORANDUM IN SUPPORT OF
MOTION FOR FILING RESTRICTIONS**

Defendants, the State of Kansas and the Honorable Beth Huff, a Douglas County Kansas District Court Judge, (State Defendants), submit this Memorandum in Support of their Motion for Filing Restrictions against Plaintiff Denise Mead.

In the present case, Mead sued State Defendants over Huff's role in presiding over a foreclosure case in Douglas County, Kansas. The Douglas County foreclosure case is *Towd Point Mortgage Trust 2019-3, U.S. Bank National Association, as Indenture Trustee ("Towd Point") v. Mead*, et. al, Case No. 2019-CV-000294. Mead has also sued lawyers associated with bringing the foreclosure action.

Exhibit 1 is the record of actions (ROA) from the Douglas County mortgage case, *Towd Point Mortgage Trust, et al., v. Mead, et. al,* #2019-CV-000294 as of 5/2/22. Attached as Exhibits 2 and 3 are two 12/08/20 Orders by Judge Huff rejecting challenges by Mead to the foreclosure, many of which Mead again raised in her two federal suits. Attached as Exhibit 4 is

1

the 2/21/21 Order of foreclosure judgment.  Attached as Exhibit 5 is a 5/18/21 Order of Sale (which was then delayed due to Mead's improper removal).  Attached as Exhibit 6 is the most recent 2/23/22 Order of Sale.  Attached as Exhibit 7 is the 4/7/22 /Order Confirming Sale.[1]

Here's what's final in mortgage cases in Kansas:

> In Kansas, mortgage-foreclosure proceedings happen in two steps. First, the mortgage holder must obtain a foreclosure judgment. In that stage, the court must determine whether there has been a default in the mortgage, whether the mortgage holder is entitled to judgment, and the amount and form of the judgment. Second, after getting the foreclosure judgment, the mortgage holder can proceed with a sheriff's sale of the property. Title to the property transfers to a new owner when the court approves the sheriff's sale. The foreclosure judgment and the order approving the sheriff's sale are separately appealable judgments.

*Reverse Mortgage Solutions, Inc. v. Goldwyn*, 56 Kan.App.2d 129, 131 (Kan.App., 2018).  As noted, the foreclosure judgement was entered on 02/21/21.  Had Mead wished to appeal, notice of appeal was due within thirty days pursuant to K.S.A. 60-2103(a).  She did not appeal.  The judgment of foreclosure is final.

This is not Mead's first foray into federal court concerning this foreclosure action.  On 10/28/21, Mead improperly removed the foreclosure to federal court.  See *Towd Point v. Mead, et al.*, #21-CV-2497-TC-TJJ.  A copy of the Notice of Removal (without exhibits) is attached as Exhibit 8.  In it, Mead attempted to add Judge Huff, Michael L. Zevitz, and South Law P.C. as parties.  After an improper attempted interlocutory appeal by Mead was dismissed by the Tenth Circuit, the foreclosure case was remanded on 1/28/22 and foreclosure could proceed.  The Order of Remand is attached as Exhibit 9.  The action was remanded because diversity jurisdiction was lacking, federal-question jurisdiction was lacking, and the Notice of Removal was filed two

---

[1] This Court may take judicial notice of documents filed of record in state cases, and consideration of them in this case does not require conversion to summary judgment.  *See e.g., Bruce v. Kelly,* No. 20-4077-DDC-GEB, 2021 WL 4284534 (D. Kan. Sept. 21, 2021) (and cases cited therein).

years too late. The Order of Remand also noted that Mead failed to cite any authority for adding additional parties on removal.

Then in *Mead v. Huff, et al.,* #21-CV-04092-HLT-ADM, Mead sued Huff and several others, attempting to assert causes of action under a variety of federal statutes over Huff's handling of the foreclosure action. Huff and other Defendants moved to Dismiss. Mead was granted permission to file an Amended Complaint, although her Amended Complaint did nothing to correct the egregious legal short-comings of her original Complaint. A copy of Mead's Amended Complaint in 21-4092 is attached as Exhibit 10 and Huff's Memorandum in Support of Dismissal is attached as Exhibit 11. In her Amended Complaint, Mead's primary allegation against Huff was that Huff was without jurisdiction because Mead is a citizen of the Republic State of Kansas, and not a U.S. citizen, and therefore not subject to the court's statutory jurisdiction. Mead alleged that Huff is liable to her for money damages due to alleged violation of the Fair Debt Collection Practices Act [FDCPA], the Foreign Agent Registration Act [FARA], and Racketeer Influenced and Corrupt Organizations [RICO]. She alleged a violation of the Tucker Act, which she claimed strips Huff of judicial immunity. Mead also threatened to file another suit under 42 USC § 1983 (this one).

Case #21-4092 was dismissed for failure to state a claim on 5/3/22. A copy of the order of dismissal is attached as Exhibit 12.

In this case, Mead ignores Defendants' asserted grounds for dismissal in the prior case, making no good faith argument why *Rooker-Feldman* and judicial immunity don't apply. She ignores that the Tucker Act simply doesn't apply. She again relies on her sovereign citizen type arguments concerning citizenship.

"The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Winslow*, 17 F.3d 314, 318 (10th Cir. 1994) (internal quotation marks and brackets omitted).  "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010); *see also Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir.2006); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Authority for filing restrictions also derives from the All Writs Act, 28 U.S.C. § 1651.  *See Howard v. Mail–Well Envelope Co.,* 150 F.3d 1227, 1232 (10th Cir.1998), *Cook v. Baca*, 625 F. App'x 348, 355 (10th Cir. 2015).

Court orders restricting the ability of a litigant to file pleadings are appropriate where "(1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant must do to obtain permission to file . . . ; and (3) the litigant received notice and an opportunity to oppose the court's order before it is instituted." *Ysais*, 603 F.3d at 1180 (citation and internal quotation marks omitted).  *See also Landrith v. Schmidt,* 732 F.3d 1171, 1174 (10th Cir. 2013).

Mead litigated her claims in the foreclosure case.  She managed to delay the foreclosure case by removing it to federal court without a legal basis.  Ignoring the state court judgment, she then has filed two federal cases (amending her Complaint in the first one), all the while ignoring Huff's rulings in the foreclosure action, and ignoring Defendants' asserted defenses.  She makes no attempt to assert serious legal arguments in either suit, instead raising the same arguments she made in the foreclosure case, including sovereign citizen type arguments.

Mead is abusing the legal system and harassing the lender and the state court system. She is not proceeding in good faith or reasonably even by pro se standards. Given her past conduct and her unwillingness to attempt to assert anything besides pseudo-legalese, there is every reason to believe that she will continue. Her disregard of the law indicates she has no desire to reform.

State foreclosure proceedings are essential to a properly functioning housing market. As one federal judge noted in one of series a of cases similar to the present, "Finally, the public interest weighs in favor of allowing Missouri's non-judicial foreclosure process to play itself out, because lenders—who play a crucial, if sometimes unpopular, role in our society—will not issue mortgages if they cannot foreclose on the loan collateral when a borrower fails to repay." *Caranchini v. Nationstar Mortg*. LLC, No. 4:17-CV-00775-DGK, 2018 WL 10613874, at *2 (W.D. Mo. Dec. 18, 2018).[2]

Wherefore, State Defendants request, pursuant to this Court's inherent power and to 28 U.S.C. § 1651(a), an Order restricting Denise Mead from bringing any more lawsuits in the U.S. District Court for the District of Kansas against the State of Kansas, any State of Kansas courts, judges, justices, or any officer or employee thereof, or against the Kansas Attorney General's office or any officer or employee thereof, or to remove any Kansas state court actions to federal court, unless she has counsel of record on her behalf, or if pro se, she obtains advance permission from the Court to file a Complaint or Removal.

---

[2] Filing restrictions were ultimately imposed against Caranchini in the District of Kansas and in the Western District of Missouri. *See Caranchini v. Peck,* No. 18-2249-CM-TJJ, 2019 WL 4751999 (D. Kan. Sept. 30, 2019); *Caranchini v. Nationstar Mortg*. LLC, No. 4:17-CV-00775-DGK, 2019 WL 418119 (W.D. Mo. Feb. 1, 2019) , *aff'd,* 785 F. App'x 353 (8th Cir. 2019)

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

*/s/Stephen Phillips*
Stephen Phillips, KS No. 14130
Asst. A.G., Civil Litigation Div.,
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
TEL:   (785) 296-2215
FAX:   (785) 291-3767
steve.phillips@ag.ks.gov
*Attorney for the State of Kansas and*
*Judge Beth (Kay) Huff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 04, 2022 the above and foregoing was filed with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to all those individuals currently electronically registered, and with a copy by U.S. mail to the following:

Denise L. Mead
1307 Sunchase Dr.
Lawrence, KS 66044

*/s/ Stephen Phillips*
Stephen Phillips
Assistant Attorney General